IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 14-cv-01572-BNB

GERARD M. PIERRE,

        Plaintiff,

v.

AURORA LOAN SERVICES, LLC,
AURORA BANK FSB,
AURORA COMMERCIAL CORP. ("Aurora"),
CITIGROUP, INC.,
CITIMORTGAGE, INC., ("Citi"),
JACOB J. LEW ("Lew"), in his capacity as United States Secretary of the Treasury,
        Department of the Treasury,
THOMAS J. CURRY ("Curry"), in his capacity as Comptroller of the Currency, the Office
        of the Comptroller of the Currency (the "OCC"), and Chief Administrator of
        National Banks,
MICHAEL E. FINN ("Finn"), in his capacity as Regional Director, Office of Thrift
        Supervision (the "OTS") Northeast Regional Office,
ALLONHILL, LLC dba STEWART LENDER SERVICES,
SUE ALLON ("Allon"), in her capacity as Chief Executive Officer (the "CEO"),
PROMONTORY FINANCIAL GROUP,
EUGENE LUDWIG ("Ludwig"), in his capacity as Chief Executive Officer (the "CEO"),
RUST CONSULTING, INC., ("Rust"), and
JEDD KEITH, in his capacity as General Counsel,

        Defendants.


_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____


        Plaintiff, Gerard M. Pierre, has filed *pro se* a complaint (ECF No. 1) that is 108

pages long and includes fifteen claims for relief under federal and state law.  An

additional seventy-two pages of exhibits are attached to the complaint.  The court must

construe the complaint liberally because Mr. Pierre is not represented by an attorney.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Pierre will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Pierre fails to provide a short and plain statement of his claims showing he is entitled to relief because the complaint is prolix.  In addition, despite the excessive length of the complaint, Mr. Pierre's vague and conclusory factual allegations do not provide fair notice of the specific claims he is asserting against each named Defendant.

2

*See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.

Mr. Pierre must file an amended complaint that clarifies his claims in this action. He must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

To the extent Mr. Pierre is asserting a federal constitutional claim pursuant to 42 U.S.C. § 1983, he fails to allege facts that demonstrate the named Defendants were acting under color of state law.  *See Conn v. Gabbert*, 526 U.S. 286, 290 (1999) (stating that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights"); *Wyatt v. Cole*, 504 U.S. 158,

161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Mr. Pierre may assert his constitutional claims only against persons who acted under color of state law.  Accordingly, it is

ORDERED that Mr. Pierre file, **within thirty (30) days from the date of this order**, an amended Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Mr. Pierre shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Pierre fails to file an amended Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 13, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge